UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RHINESTONE JEWELRY CORP.                    Civil Action No. 08 CV 0462

                Plaintiff,

v.

GLAMOUR GODDESS JEWELRY, INC.;
and DON GLODEN

                Defendants.
------------------------------------------------------------X

## ANSWER

Defendants GLAMOUR GODDESS JEWELRY, INC. and DON GOLDEN (collectively "Defendants") by and through their undersigned attorneys answer the complaint filed by Plaintiffs as follows:

1. Defendants respectfully refer all conclusions of law set forth in paragraph 1 to the court for its determination.

2. Defendants respectfully refer all conclusions of law set forth in paragraph 2 to the court for its determination.

3. Defendants respectfully refer all conclusions of law set forth in paragraph 3 to the court for its determination.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the complaint

6. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of the complaint.

7. Defendants admit the allegations of paragraph 7 of the complaint.

8. Defendants deny the allegations in paragraph 8 of the complaint, except admit that Glamour Goddess Jewelry, Inc. (hereafter "GGJI") sells rhinestone jewelry products within this State and judicial district and transacts business within this State and judicial district.

9. Defendants admit the allegations in paragraph 9 of the complaint.

10. Defendants admit the allegations in paragraph 10 of the complaint.

11. Defendants deny the allegations set forth in paragraph 11 but admit that Defendant Don Golden resides in the state of Florida.

12. Defendants respectfully refer all conclusions of law set forth in paragraph 12 to the court for its determination.

13. Defendants respectfully refer all conclusions of law set forth in paragraph 13 to the court for its determination.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the complaint.

15. Defendants admit the allegations in paragraph 15 of the complaint.

16. Defendants deny the allegations in paragraph 16 of the complaint, and state that (a) many of the allegedly copied designs referenced in paragraph 16 are not the subject of the copyright registration that is at issue in this action, or any other copyright registration to the best of Defendants' knowledge and belief; and (b) Defendant GGJI's prices are not relevant to the issue of copyright infringement with respect to any of the allegedly copied designs; and (c) Plaintiff's allegations concerning GGJI's prices and/or designs in which Plaintiff does not own a

valid registered copyright, combined with Plaintiff's actions before and during the pendency of this action, demonstrate Plaintiff's improper motive of using copyright law to suppress legitimate competition.

17. Defendants respectfully refer all conclusions of law set forth in paragraph 17 to the court for its determination, and state that the effective date recited in U.S. Copyright Registration No. VA 1-421-603, i.e., April 20, 2007, is after the commencement of the allegedly infringing activities complained of herein, and more than three months after the claimed first publication of the work at issue in 2003, therefore statutory damages and attorneys' fees are not available to Plaintiff in this action.

18. Defendants deny the allegations in paragraph 18 of the complaint.

19. Defendants deny the allegations in paragraph 19 of the complaint.

20. Defendants deny the allegations in paragraph 20 of the complaint.

21. Defendants deny the allegations in paragraph 21 of the complaint.

22. Defendants respectfully refer all conclusions of law set forth in paragraph 22 to the court for its determination.

23. Defendants repeat and reallege the responses set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. Defendants deny the allegations of paragraph 24 of the complaint.

25. Defendants deny the allegations of paragraph 25 of the complaint.

26. Defendants deny the allegations of paragraph 26 of the complaint.

27. Defendants deny the allegations in paragraph 27 of the complaint.

28. Defendants deny the allegations in paragraph 28 of the complaint.

29. Defendants deny the allegations in paragraph 29 of the complaint.

27935/000/824106.1

30. Defendants deny the allegations in paragraph 30 of the complaint.

### For a First Affirmative Defense

31. Plaintiff's actions, including the commencement and conduct of this litigation, constitute misuse of copyright.

### For a Second Affirmative Defense

32. Plaintiffs' demand for statutory damages and attorneys fees is not cognizable as a matter of law.

### For a Third Affirmative Defense

33. Some or all of Plaintiff's claimed designs are not original to Plaintiff.

### For a Fourth Affirmative Defense

34. Some or all of plaintiff's claimed designs do not constitute copyrightable authorship.

WHEREFORE, Defendants demand entry of Judgment dismissing Plaintiff's complaint with prejudice, an award to Defendants of the costs and disbursements of this action, including reasonable attorneys' fees, and such other and further relief as this court deems just and proper.

Dated:   New York, New York
         March 26, 2008

                                            COWAN, LIEBOWITZ & LATMAN, P.C.


                                            By _____
                                               Robert W. Clarida (RC 3190)
                                            Attorneys for Defendants
                                            1133 Avenue of the Americas
                                            New York, New York 10036-6799
                                            (212) 790-9200

5